# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEAN PIERRE WHITE,
                    Appellant,
            vs.
HELEN CONAGHAN,
                    Respondent.

No. 76719

**FILED**

AUG 0 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
     DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a judgment on an arbitration award. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

On November 16, 2018, this court entered an order directing appellant to file and serve a transcript request form or a certificate of no transcript request by December 3, 2018, and to file and serve the opening brief and appendix by February 14, 2019.[1] Appellant did not comply with this court's directive to request transcripts and did not otherwise communicate with this court. Accordingly, on February 1, 2019, the clerk of this court issued a notice directing appellant to file and serve a transcript request form or a certificate of no transcript request by February 15, 2019.[2] Appellant timely filed the transcript request form on February 15, 2019, at 11:46 pm.

On February 20, 2019, this court granted appellant's telephonic request for an extension of time to file the opening brief and appendix,

_____

[1]A copy of this order is attached.

[2]A copy of this notice is attached.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-33122

directing appellant to file and serve these documents by February 28, 2019.[3] Appellant failed to comply or otherwise communicate with this court. Thus, on March 18, 2019, this court entered an order directing appellant to file the required documents by April 1, 2019.[4] The order cautioned that failure to comply could result in the imposition of sanctions, including the dismissal of this appeal. NRAP 31(d). Appellant did not comply. Instead, on April 15, 2019—two weeks after the deadline—appellant filed an untimely motion for an extension of time. Respondent opposed the motion and asked that the appeal be dismissed based on appellant's failure to comply with procedural rules. Appellant did not oppose the motion to dismiss. On May 15, 2019, this court entered an order concluding that appellant failed to demonstrate good cause in support of the requested extension of time but nevertheless granting the motion.[5] This court denied respondent's motion to dismiss this appeal or for sanctions and directed appellant to file and serve the opening brief and appendix by May 31, 2019. The order cautioned that failure to timely comply could result in the imposition of sanctions, including the dismissal of this appeal.

On June 1, 2019, appellant untimely filed the opening brief. Appellant untimely filed the appendix on June 3, 2019. Both of these documents were rejected by the clerk of this court on June 3, 2019, because they were untimely filed and not accompanied by a motion for an extension of time. One week later, on June 11, 2019, appellant filed an untimely motion for an extension of time to file the opening brief and appendix. In

---

[3]A copy of this order is attached.

[4]A copy of this order is attached.

[5]A copy of this order is attached.

support of the motion, counsel for appellant states that he was unable to timely file the opening brief and appendix because an equipment malfunction left him unable to scan the documents he compiled for inclusion in the appendix or electronically affix page numbers to the appendix. Counsel hand-wrote the page numbers and completed the opening brief in the early morning of June 1, 2019, filing the brief hours after the deadline. Counsel offers no explanation for his failure to timely file a motion for an extension of time to file the opening brief and appendix. *See* NRAP 31(b)(3) ("A motion for an extension of time for filing a brief may be made no later than the due date for the brief."). To date, appellant has not resubmitted the opening brief and appendix for filing.

Respondent opposes the extension motion and moves to dismiss this appeal or, alternatively, for appellant to pay the attorney fees and costs associated with respondent's opposition. Respondent details appellant's failure to timely file documents in this appeal and asserts that appellant's actions have caused needless delay and the incursion of fees and costs. Appellant has filed an untimely opposition to the motion to dismiss. *See* NRAP 27(a)(3)(A) (an opposition to a motion must normally be filed within 7 days of service of the motion); NRAP 26(a) (specifying the computation of time).

This court has repeatedly stated that it expects all appeals to be "pursued in a manner meeting high standards of diligence, professionalism, and competence." *Cuzdey v. State*, 103 Nev. 575, 578, 747 P.2d 233, 235 (1987); *accord Polk v. State*, 126 Nev. 180, 184, 233 P.3d 357, 359 (2010); *Barry v. Lindner*, 119 Nev. 661, 671, 81 P.3d 537, 543 (2003); *State, Nev. Emp't Sec. Dep't v. Weber*, 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984). It is incumbent upon appellant's counsel, Suneel J. Nelson, as

 

part of his professional obligations of competence and diligence to his clients, to know and comply with all applicable court rules. *See* RPC 1.1; RPC 1.3. These rules have been implemented to promote cost-effective, timely access to the courts; it is "imperative" that he follow these rules and timely comply with this court's directives. *Weddell v. Stewart*, 127 Nev. 645, 650, 261 P.3d 1080, 1084 (2011). Mr. Nelson is "not at liberty to disobey notices, orders, or any other directives issued by this court." *Id.* at 652, 261 P.3d at 1085. Mr. Nelson's repeated failure to comply with this court's rules and orders has forced this court to divert limited resources to ensure his compliance and needlessly delayed the processing of this appeal. Accordingly, appellant's motion for an extension of time is denied and respondent's motion to dismiss this appeal is granted. *See Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev. 196, 203-04, 322 P.3d 429, 433-34 (2014) (stating that "when an appellant fails to adhere to Nevada's appellate procedure rules, which embody judicial administration and fairness concerns, or fails to comply with court directives or orders, that appellant does so at the risk of forfeiting appellate relief" and the dismissal of an appeal based on violations of court rules and orders occasioned by the dilatory conduct of appellant's counsel). This appeal is dismissed.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Kenneth C. Cory, District Judge
Kristine M. Kuzemka, Settlement Judge
Nelson Law Office, LLC
Kemp, Jones & Coulthard, LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEAN PIERRE WHITE,

Appellant,

vs.

HELEN CONAGHAN,

Respondent.

No. 76719

**FILED**

NOV 16 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY S. Young
DEPUTY CLERK

## ORDER REINSTATING BRIEFING

Pursuant to NRAP 16, the settlement judge has filed a report with this court indicating that the parties were unable to agree to a settlement. Accordingly, we reinstate the deadlines for requesting transcripts and filing briefs. *See* NRAP 16.

Appellant shall have 15 days from the date of this order to file and serve a transcript request form. *See* NRAP 9(a).[1] Further, appellant shall have 90 days from the date of this order to file and serve the opening brief and appendix.[2] Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).

It is so ORDERED.

_____, C.J.

---

[1]If no transcript is to be requested, appellant shall file and serve a certificate to that effect within the same time period. NRAP 9(a).

[2]In preparing and assembling the appendix, counsel shall strictly comply with the provisions of NRAP 30.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-904497

cc: Kristine M. Kuzemka, Settlement Judge
Nelson Law Office, LLC
Kemp, Jones & Coulthard, LLP

## IN THE SUPREME COURT OF THE STATE OF NEVADA
## OFFICE OF THE CLERK

JEAN PIERRE WHITE,
Appellant,

vs.

HELEN CONAGHAN,
Respondent.

**Supreme Court No. 76719**
District Court Case No. A753271

## NOTICE TO REQUEST ROUGH DRAFT TRANSCRIPTS

TO: Nelson Law Office, LLC \ Suneel J. Nelson

To date, the appellant has failed to request transcripts in this appeal. Please file and serve a Rough Draft Transcript Request Form or, alternatively, a certificate that preparation of transcripts is not requested within 10 days from the date of this notice. See NRAP 3C(d)(3). Failure to request transcripts in compliance with NRAP 3C(d)(3) may result in the imposition of sanctions. See NRAP 3C(n).

DATE: February 01, 2019

Elizabeth A. Brown, Clerk of Court

By: Amanda Ingersoll
    Chief Deputy Clerk

Notification List
    Electronic
    Kemp, Jones & Coulthard, LLP \ Will Kemp
    Kemp, Jones & Coulthard, LLP \ Eric M. Pepperman
    Nelson Law Office, LLC \ Suneel J. Nelson


    Paper
    Kemp, Jones & Coulthard, LLP \ Cara D. Brumfield

19-05028

IN THE SUPREME COURT OF THE STATE OF NEVADA

JEAN PIERRE WHITE,
Appellant,
vs.
HELEN CONAGHAN,
Respondent.

No. 76719

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING TELEPHONIC EXTENSION

Pursuant to a telephonic request received on February 13, 2019, appellant shall have until February 28, 2019, to file and serve the opening brief and appendix. *See* NRAP 26(b)(1)(B).

It is so ORDERED.

CLERK OF THE SUPREME COURT
ELIZABETH A. BROWN

BY Elizabeth AB

cc:   Nelson Law Office, LLC
      Kemp, Jones & Coulthard, LLP

SUPREME COURT
OF
NEVADA

CLERK'S ORDER

(O) 1947

19-07875

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JEAN PIERRE WHITE,
                 Appellant,

        vs.

HELEN CONAGHAN,
                 Respondent.

No. 76719

FILED

MAR 18 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
      DEPUTY CLERK

### *ORDER TO FILE OPENING BRIEF AND APPENDIX*

On February 20, 2019, the clerk of this court entered an order granting appellant's telephonic request for an extension of time, until February 28, 2019, to file and serve the opening brief and appendix. To date, appellant has failed to file these documents or otherwise communicate with this court.

Appellant shall have 14 days from the date of this order to file and serve the opening brief and appendix. Failure to timely file these documents may result in the imposition of sanctions, including the dismissal of this appeal. NRAP 31(d).

It is so ORDERED.

_____, C.J.

cc:    Nelson Law Office, LLC
        Kemp, Jones & Coulthard, LLP

SUPREME COURT
OF
NEVADA

(O) 1947A

19-11902

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEAN PIERRE WHITE,
           Appellant,

vs.

HELEN CONAGHAN,
           Respondent.

No. 76719

FILED

MAY 15 2019

CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER

Appellant has filed an untimely motion for a second extension of time to file and serve the opening brief and appendix. In support of the motion, counsel for appellant states that the requested transcripts have not yet been delivered. Respondent opposes the motion and moves to dismiss this appeal based on appellant's failure to comply with procedural rules. Alternatively, respondent seeks attorney fees and costs associated with the opposition.

Initially, this court notes that the transcript request form filed by appellant on February 19, 2019, is deficient because it does not bear the file-stamp of the district court clerk. *See* NRAP 9(a)(3)(A). Additionally, it appears that the request form was unnecessary because the requested transcripts were already prepared and on file in the district court prior to the date of the transcript request form.[1] *Cf.* NRAP 9(a)(1)(B). Counsel should have filed a certificate that the preparation of transcripts is not requested. *See* NRAP 9(a)(1)(C).

As noted and as acknowledged by counsel, the transcripts requested by counsel have already been produced. The transcripts were

---

[1]Counsel is reminded that the proper way to request the production of transcripts is through a formal transcript request form.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-21461

filed in the district court more than three months ago, on January 25, 2019. Counsel does not indicate that he attempted to obtain copies of the transcripts from the district court clerk or the court recorder. Accordingly, counsel fails to demonstrate good cause for a second extension of time. Nevertheless, because it appears that an extension of time is necessary, the motion is granted as specified below. Despite appellant's failure to oppose it, respondent's motion to dismiss this appeal or for sanctions is denied at this time.

Appellant shall immediately contact the responsible court recorder and/or the clerk of the district court to obtain copies of the requested transcripts. Appellant shall have until May 31, 2019, to file and serve the opening brief and appendix. Any additional extensions of time will be granted only on showing of extraordinary circumstances and extreme need. NRAP 31(b)(3)(B). Counsel's caseload normally will not be deemed such a circumstance. *Cf. Varnum v. Grady*, 90 Nev. 374, 528 P.2d 1027 (1974). Failure to timely file the opening brief and appendix may result in the imposition of sanctions, including the dismissal of this appeal. NRAP 31(d).

It is so ORDERED.

_____, C.J.

cc:     Nelson Law Office, LLC
        Kemp, Jones & Coulthard, LLP